RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  11 / 14 / 13
       JDB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RODNEY DANIEL MCLEOD | DOCKET NO. 13-CV-2353; SEC. P  ⍺ |
| VERSUS | JUDGE DRELL |
| M.D. CARVAJAL, ET AL. | MAGISTRATE JUDGE KIRK |

REPORT AND RECOMMENDATION

Before the Court is the pro se lawsuit initiated by Rodney Daniel McLeod on July 26, 2013, pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). McLeod was granted leave to proceed in forma pauperis on August 14, 2013. [Doc. #7] Petitioner is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary at Pollock, Louisiana. He names the following as defendants: M.D. Carvajal, Charles Samuel, Jr., and Eric Holder.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Factual Background*

First, Plaintiff notes on his civil rights form that he has never "begun any other lawsuit while incarcerated or detained in any facility," and that he has never "filed any lawsuit or appeal in any federal district court or appeals court which has been dismissed." [Doc. #1, p.1-2] In reality, he has filed several, including civil rights complaints, habeas corpus petitions, and

appeals.[1]

McLeod complains of false imprisonment in violation of his constitutional rights.  He alleges that he has never been charged with or convicted of the offense for which he is imprisoned, possession of a firearm by a felon, 18 U.S.C. §922(g).  [Doc. #1, p.3]  He seeks compensation for the 8.5 years in which he has been wrongfully imprisoned, and he asks that this Court "quash" his federal sentence, a state detainer, and a state sentence, and order Plaintiff's immediate release from custody.

According to a review of the court records and opinions on Pacer and Westlaw, it appears that Plaintiff was convicted following a guilty plea to one count of felon in possession of a firearm.  He was sentenced to 120 months' imprisonment.  *U.S. v. Rodney Daniel McLeod,* #1:05-cr-0059 (M.D.N.C.); *U.S. v. McLeod,* 227 Fed.Appx. 274 (4th Cir. 2007)(aff'g conviction and sentence), *writ denied by* 552 U.S. 1069 (2007).

### Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.*  As a prisoner seeking redress from an officer or

---

[1] *McLeod v. U. Vargas,* 5:11-cv-0289 (M.D.Fla.)(dismissed without prejudice for failing to comply with Court's order, Doc. #20, 21) and *appeal* #12-11955 (11th Cir.)(dismissed for want of prosecution); *McLeod v. Jones,* 1:13-cv-2332 (stricken for failure to submit complaint on approved forms, pay filing fee, or submit IFP application); and habeas corpus petitions: *McLeod v. Gonzalez,* 7:07-cv-0081 (E.D.Ky.)(DISMISSED WITHOUT PREJUDICE for want of prosecution & failure to comply with an order of the court); *U.S. v. McLeod,* 05-cr-59 (M.D.N.C.)(Section 2255 petition- Doc. #63 and successive 2255 petition - Doc. #109 - withdrawn and stricken #128).

employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding in forma pauperis, his complaint is also subject to screening under §1915(e)(2). Both §1915(e)(2)(B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A claim is factually frivolous when the facts alleged are "clearly baseless", 490 U.S. at 327, a category encompassing allegations that are "fanciful,"[2] "fantastic,"[3] and "delusional[4]." See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); *accord*

---

[2]Neitzke v. Williams, 490 U.S. 319, 325 (1989).

[3]Id. at 328.

[4]Id.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### *Law and Analysis*

In order to state a civil rights claim cognizable under either §1983 or Bivens, Plaintiff must allege that (1) he was deprived of a right secured by the Constitution or law of the United States; and (2) the deprivation was caused by one acting under color of state or federal law.  See West v. Atkins, 487 U.S. 42, 48 (1988) (for elements of §1983 action); Evans v. Ball, 168 F.3d 856, 863 n. 10 (5th Cir. 1999)(noting that "[a] Bivens action is analogous to an action under §1983 - the only difference being that §1983 applies to constitutional violations by state, rather than federal, officials").  Absent either element, a claim is not cognizable under §1983 or Bivens.

Plaintiff claims that he is wrongfully imprisoned because he was never convicted of felon in possession of a firearm.  In Heck v. Humphrey, the Supreme Court held that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff **must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.**  A claim for damages bearing that relationship to a conviction or sentence that has not

4

been so invalidated is not cognizable under §1983 or *Bivens*.  *See Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994)(Heck applies to *Bivens* actions as well as §1983.).  As cited above, McLeod was indeed convicted of felon in possession, and the conviction was affirmed on appeal.  Therefore, he has not proven that his conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Therefore, Plaintiff's claim is barred by *Heck v. Humphrey* and is not cognizable under *Bivens*.  Claims barred by *Heck* are legally frivolous.  *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

### *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. §1915(e)(2)(B) and 1915A.

### *Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged.  Timely**

5

objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this 14th day of November, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

6